Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

# HDCV2015-00089
## Anderson v Toyota Motor Corporation et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 02/13/2015 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 05/19/2015 | **Session** | B - Civil B - Ctrm 7 | |
| **Origin** | 1 - Complaint | **Case Type** | B05 - Products liability | |
| **Track** | A - Average track | **Lead Case** | | **Jury Trial** Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| Served By | | | 06/13/2015 | 04/08/2016 | 02/02/2017 | 03/04/2017 | | |
| Filed By | 05/14/2015 | 06/13/2015 | 07/13/2015 | 05/08/2016 | | 04/03/2017 | | 01/28/2018 |
| Heard By | | | 08/12/2015 | 05/08/2016 | | | 08/01/2017 | |

### PARTIES

**Plaintiff**
Michael E Anderson
Active 02/13/2015

**Private Counsel 551180**
John B Stewart
Murphy & Manitsas
20 Maple Street
Suite 301
Springfield, MA 01103-1951
Phone: 413-733-4402
Fax: 413-733-4403
Active 02/13/2015 Notify

**Defendant**
Toyota Motor Corporation
Service pending 02/13/2015

**Defendant**
Toyota Motor Sales (USA) Inc
Served: 04/28/2015
Served (answr pending) 05/07/2015

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/13/2015 | 1.0 | Complaint |
| 02/13/2015 | | Origin 1, Type B05, Track A. |
| 02/13/2015 | 2.0 | Civil action cover sheet filed |
| 05/07/2015 | 3.0 | Affidavit of service with long-arm statute with proof of service on out of state defendant Toyota Motor Sales (USA) Inc |
| 05/13/2015 | 4.0 | Plaintiff Michael E Anderson's MOTION to enlarge time for service of process for additional 90 days |
| 05/14/2015 | | Motion (P#4) ALLOWED (Bertha D. Josephson, Justice) Notices faxed 5/15/2015 |

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2015-00089
## Anderson v Toyota Motor Corporation et al

| Date | Paper | Text |
|---|---|---|
| 05/19/2015 | 5.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A true copy.

Attest:

_____
Deputy Assistant Clerk

# Commonwealth of Massachusetts

HAMPDEN, SS.                                            SUPERIOR COURT
                                                        CIVIL ACTION NO. 15 - 089

MICHAEL E. ANDERSON,        )
Plaintiff                   )
                            )                HAMPDEN COUNTY
                            )                SUPERIOR COURT
v.                          )                    FILED
                            )
                            )                  FEB 13 2015
TOYOTA MOTOR CORPORATION,   )
and TOYOTA MOTOR SALES (USA),)              [signature]
INC., Defendants            )               CLERK OF COURTS

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

1. The plaintiff, MICHAEL E. ANDERSON, is a natural person residing at 17 Briarwood Avenue, Springfield, Massachusetts.

2. The Defendant, TOYOTA MOTOR CORPORATION, is a foreign corporation with a principal place of business at 1,Toyota-cho, Toyota City, Aichi Prefecture 471-8571, Japan, that manufacturers and designs automobiles that are marketed and distributed within Massachusetts and the United States through its agents and subsidiaries, *to wit*, the Defendant TOYOTA MOTOR SALES ( USA), INC..

3. The Defendant, TOYOTA MOTOR SALES (USA), INC., is and at all times material hereto was a manufacturer of automobiles, including the 2007 Toyota Matrix, in or about Japan and the United States and exported and distributed said automobiles to the United States for sale throughout the United States and more particularly a substantial number of sales in the Commonwealth of Massachusetts. The

1

defendant has a principal place of business at 19001 South Western Avenue, Torrance, California 90501.

4.  At all times material hereto, TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, USA, INC., and/or by or through their predecessors, subsidiaries, parent companies, employees and/or agents (hereinafter "TOYOTA"), were the designer(s), marketer(s), manufacturer(s) and distributor(s) of the Plaintiff's 2007 Toyota Matrix.

5.  On or about March 1, 2012, the Plaintiff was operating his 2007 Toyota Matrix wearing his seat belt, on Breckwood Boulevard in Springfield, Massachusetts, when his vehicle was caused to skid off the slippery roadway due to the actions of another vehicle and skidded into a tree located on the tree belt.

6.  The impact of the collision caused the Plaintiff's person to come into contact with the interior of the 2007 Matrix, resulting in serious injury to the Plaintiff.

7.  At all times material hereto the 2007 Matrix operated by the Plaintiff was equipped with a driver's side airbag that failed to properly deploy in course of the collision severe impact damage to the front end of the vehicle with a fixed stationary object (tree) at approximately 16 miles per hour.

8.  At all times material hereto the 2007 Matrix operated by the Plaintiff was equipped with a seatbelt that failed to prevent his person from coming into contact with the interior of the vehicle.

## COUNT I
### (BREACH OF IMPLIED & EXPRESS WARRANTIES vs. TOYOTA)

9. The Plaintiff repeats the allegations contained in ¶¶ 1-8, supra, and incorporates the same herein.

10. At all times material hereto, TOYOTA was the designer, manufacturer, marketer and distributor of the subject 2007 Matrix and the component parts thereof.

11. At all times material hereto, the Plaintiff was a foreseeable user of the subject 2007 Matrix.

12. At the time the subject 2007 Matrix was designed, manufactured, marketed and distributed by TOYOTA, motor vehicle collisions such as the one alleged herein were reasonably foreseeable occurrences to TOYOTA.

13. At all times material hereto, TOYOTA implicitly warranted that the subject 2007 Matrix, and the component parts thereof, were of merchantable quality and fit for ordinary use.

14. At all times material hereto, TOYOTA expressly represented and warranted that the subject 2007 Matrix was equipped with a seatbelt to protect the safety of the operator, as well as a driver's side airbag(s) that would properly deploy in the event of a collision to protect the safety of the operator, and the Plaintiff relied on said representations and warranties in purchasing said 2007 Matrix.

15. At the time it was designed, manufactured, marketed and distributed by TOYOTA, the driver's side passenger restraint system, seatbelt and/or airbag(s) of the subject 2007 Matrix were defective and unreasonably dangerous, and therefore the 2007

3

Matrix was unfit for ordinary use in breach of the implied warranty of merchantability and the express warranties of TOYOTA.

16. At the time of the design and manufacturer of the subject 2007 Matrix, and at all times material hereto, the foreseeable risks of harm posed to the operator(s) of the subject 2007 Matrix could have been reduced and/or avoided by the adoption of reasonable alternative seatbelt and/or airbag(s) designs by TOYOTA.

17. As a result of the defectiveness of the subject 2007 Matrix and TOYOTA's breach of implied and express warranties, the Plaintiff was caused to sustained multiple trauma personal injuries, suffer significant physical, mental and emotional injuries, including cervical injuries requiring cervical discectomy surgery, sustained permanent loss of function, incurred medical expenses and loss of earning capacity and other general and special damages.

18. As a result of the defectiveness of the subject 2007 Matrix, the Plaintiff suffered injuries more serious than would have been the case had said motor vehicle been designed to be reasonably safe, of merchantable quality and fit for its ordinary uses.

COUNT II
(NEGLIGENCE vs. TOYOTA)

19. The Plaintiff repeats the allegations contained in ¶¶ 1-18, supra, and incorporates the same herein.

20. At all times material hereto, TOYOTA owed a duty to exercise reasonable care in the manufacture and design of the subject 2007 Matrix to prevent injury to the foreseeable operator(s) of said vehicle.

4

21. At all times material hereto, TOYOTA owed a duty to adequately warn foreseeable users of the subject 2007 Matrix of any foreseeable harmful consequences that might occur as a result of the failure of the airbag(s) to properly deploy and/or the seatbelt(s) to restrain the operator under circumstances similar to the collision in the instant case.

22. TOYOTA breached these duties by carelessly and negligently designing the driver's side passenger restraint system, seatbelt and airbag(s) of the 2007 Matrix, and by failing to warn the plaintiff and/or other foreseeable users of the foreseeable dangers associated therewith, and the circumstances under which the airbag(s) would or would not properly deploy and/or the seatbelt would not restrain the operator.

23. TOYOTA's breach of said duties is a proximate cause or substantial factor in causing the Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Enter judgment for the plaintiff on all counts of his Complaint;

2. Award the plaintiff damages as determined at trial, plus interest and costs as provided by law;

3. Grant the plaintiff such other relief as the court deems just and proper.

## JURY DEMAND

The Plaintiff demands a jury trial on all issues so triable.

MICHAEL E. ANDERSON, Plaintiff

By *Steven W. Silverman*
STEPHEN W. SILVERMAN (BBO #463020)
73 State Street
Springfield, MA 01103
Ph. (413) 788-6188
Fax (413) 736-4968
E-Mail: swsilverlaw@verizon.net

-- and --


By *[signature]*
JOHN B. STEWART (BBO #551180)
MURPHY & MANITSAS, LLP
20 Maple Street, Suite 301
Springfield, MA 01103
Ph. (413) 733-4402 x 105
Fax: 413-733-4403
E-Mail: TheTrialer@aol.com


A true copy.

    Attest: *Veronica Allende*
    ~~Deputy~~ Assistant Clerk

6

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF | DOCKET NO. 15 089 |
|---|---|---|

**PLAINTIFF(S)**
MICHAEL E. ANDERSON

**DEFENDANT(S)**
TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES (USA), INC.

HAMPDEN COUNTY SUPERIOR COURT FILED FEB 13 2015 CLERK OF COURTS

| | | | | |
|---|---|---|---|---|
| Plaintiff Atty | (1) STEVEN W. SILVERMAN (2) JOHN B. STEWART | Type Defendant's Attorney Name | | |
| Address | (1) 73 STATE ST. (2) 20 MAPLE ST., #301 | Defendant Atty | | |
| City | SPRINGFIELD | State | MA | Zip Code 01103 |
| | | Address | | |
| | | City | | State   Zip Code |
| Tel. | (1) 413 788 6188  (2) 413 733 4402 X105 | BBO# | (1) 463020  (2) 551180 | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY - PERSONAL INJURY | AVERAGE TRACK | [X] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                    $ EXCEED $100,000.00
  2. Total doctor expenses                                      $
  3. Total chiropractic expenses                                $
  4. Total physical therapy expenses                            $
  5. Total other expenses (describe)                            $
                                                     Subtotal   $ APPROX. 25,000.00
B. Documented lost wages and compensation to date               $
C. Documented property damages to date                          $
D. Reasonably anticipated future medical expenses               $
E. Reasonably anticipated lost wages and compensation to date   $
F. Other documented items of damages (describe)                 $ 125,000.00+

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   PLAINTIFF SUFFERED MULTIPLE TRAUMATIC INJURIES, AND UNDERWENT SPINAL SURGERY AND
   LENGTHY REHABILITATION, STILL LEFT WITH PERMANENT IMPAIRMENT DUE TO ACCIDENT

                                                     Total $ $500,000.00+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                     TOTAL    $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
NOT APPLICABLE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  JOHN B. STEWART   Attest:        Date: FEBRUARY 11, 2015
A.O.S.C. 3-2007

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION NO. 15-89

MICHAEL E. ANDERSON, Plaintiff     )
                                   )
v.                                 )
                                   )
TOYOTA MOTOR SALES USA, INC., et al.,  )
Defendants                         )

HAMPDEN SUPERIOR COURT
FILED
MAY -7 2015
CLERK OF COURTS

## AFFIDAVIT OF SERVICE

I, John B. Stewart, Attorney for the Plaintiff in the above-entitled action, being duly sworn, depose and say that the Defendant, Toyota Motor Sales USA, Inc., is known to have a usual place of business at 19001 South Western Avenue, Torrance, CA 90501, and that on April 28, 2015, service of process was made in accordance with Massachusetts General Laws, Chapter 223A, Section 6(a)(3), in that I caused a copy of the original Complaint, Civil Cover Sheet, and Summons to be mailed, postage prepaid, by certified Mail No. 7014 2120 0004 4643 6493, return receipt requested, to said Defendant, 19001 South Western Avenue, Torrance, CA 90501, at the address above-mentioned and that said Return Receipt is attached hereto.

John B. Stewart (BBO #551180)
MURPHY & MANITSAS, LLP
20 Maple Street, Suite 301
Springfield, MA. 01103
Ph. (413) 733-4402 x105
Fax (413) 733-4403

## NOTARIZATION

COMMONWEALTH OF MASSACHUSETTS
Hampden, SS.

On this 5th day of May, 2015, before me, the undersigned notary public, personally appeared John B. Stewart, proved to me through satisfactory identification, which was personal knowledge, to be the person who signed the preceding document in my presence, and who swore or affirmed to me that the contents of this document were truthful and accurate to the best of his knowledge and belief.

Notary Public
My commission expires:

TRACEY L. ADORETTI
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 18, 2015

A true copy.
Attest:
Deputy Assistant Clerk

3

<div align="center">

**MURPHY & MANITSAS, LLP**
*ATTORNEYS AT LAW*
20 MAPLE STREET, SUITE 301
SPRINGFIELD, MA 01103
Ph. (413) 733-4402
Fax (413) 733-4403

</div>

Thomas F. Murphy, Esq. ♦*  
James M. Manitsas, Esq. ♦*  
John B. Stewart, Esq. ♦‡  
Frederica H. McCarthy, Esq. ♦◦‡  

E-Mail: TheTrialer@aol.com  
♦ Admitted in Massachusetts  
* Admitted in Connecticut  
◦ Admitted in New York  
‡ Of Counsel  

April 20, 2015

President  
Toyota Motor Sales, USA  
19001 South Western Avenue  
Torrance, CA 90501  

Re:   Service of Summons and Complaint  
      Anderson v. Toyota Motor Sales, USA, et al.  
      <u>Hampden (MA) Superior Court, CA #15-89</u>

Dear Sir or Madam:

Please find enclosed a summons, complaint and statement of damages which I am serving upon you in accordance with Massachusetts General Laws ch. 223A, Sec.6.   This is a new lawsuit.  As stated in the summons, you have 20 days to answer the complaint.  Thank you for your attention to this matter.

<div style="margin-left: 50%;">

Yours very truly,

John B. Stewart

</div>

JBS/bh  
Encl.

**CERTIFIED MAIL**  
**RETURN RECEIPT REQUESTED**  
**PARCEL NO. 7014 2120 0004 4643 6493**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   President
   Toyota Motor Sales, USA
   19001 South Western Avenue
   Torrance, CA 90501

2. Article Number (Transfer from service label): 7014 2120 0004 4643 6493

PS Form 3811, July 2013    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X TOYOTA MOTOR SALES   ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

   [TORRANCE APR 28 USPS postmark]

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

John B. Stewart
Murphy & Manitsas, LLP
20 Maple Street, Suite 301
Springfield, MA 01103

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. 15-89

___Michael E. Anderson___, PLAINTIFF(S)

V.                                    SUMMONS

___Toyota Motor Sales, USA, Inc.___, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon ___John B. Stewart___, plaintiff's attorney, whose address is ___20 Maple St Springfield MA 01103___, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the ___21st___ day of ___April___ in the year of our Lord two thousand fifteen.

*[signature]*
Laura S. Gentile, Esquire
CLERK OF COURTS

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

# Commonwealth of Massachusetts

HAMPDEN, SS.                                                    SUPERIOR COURT
                                                                CIVIL ACTION NO. 15-89

MICHAEL E. ANDERSON, Plaintiff   )
                                 )
v.                               )
                                 )
TOYOTA MOTOR CORPORATION, and    )
TOYOTA MOTOR SALES USA, INC.,    )
Defendants                       )

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAY 13 2015
CLERK OF COURTS

### PLAINTIFF'S MOTION TO ENLARGE
### THE TIME FOR SERVICE OF PROCESS

Now comes the Plaintiff and moves the Court for service of process upon the Defendant, TOYOTA MOTOR CORPORATION, which is a foreign corporation with a principal place of business at 1,Toyota-cho, Toyota City, Aichi Prefecture 471-8571, Japan.

As grounds, the Plaintiff has made service on Defendant, Toyota Motor Sales USA, Inc., but additional time is needed to comply with the Hague Convention to make service upon the Japanese manufacturer. As the Court is aware, this is a complicated, tedious and time consuming process. The Plaintiff is requesting an additional 90 days to serve the Defendant, Toyota Motor Corporation. The prosecution of this case should not be materially delayed as this case is a Track A – Products Liability claim and under the tracking order discovery will continue until February 2017.

WHEREFORE, the Plaintiff respectfully requests an additional 90 days to complete service upon the Defendant, Toyota Motor Corporation.

MICHAEL E. ANDERSON, Plaintiff

By _____
JOHN B. STEWART (BBO #551180)
MURPHY & MANITSAS, LLP
20 Maple Street, Suite 301
Springfield, MA 01103
Ph. (413) 733-4402 x 105
Fax: 413-733-4403
E-Mail: TheTrialer@aol.com

A true copy.

Attest:

_____
Deputy Assistant Clerk

5-14-15 Allowed.
5-15-15 FAX
T.H.

CERTIFICATE OF SERVICE

I hereby certify I have served the within motion upon each other party or counsel of record by mail on May 11, 2015.

*John B. Stewart*
JOHN B. STEWART (BBO #551180)
MURPHY & MANITSAS, LLP